UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. CLONTS, | ) CASE NO.: 2:22-cv-07798-SPG-PVCx |
| Plaintiff, | ) |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY; PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
| Defendants | ) |

1

    Subject to the approval of this Court, Plaintiff Matthew J. Clonts and Defendants Talcott Resolution Life and Annuity Insurance Company and The Prudential Insurance Company of America, by and through their respective counsel of record, hereby stipulate to the following protective order:

**1.**  **A.**  **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 8, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

    **B.**  **GOOD CAUSE STATEMENT**

    The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.*, which protect the confidentiality of individually-identifiable personal and health information.  Discovery may also involve trade secrets, customer and pricing lists and

2

other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

2.1     Action: *Matthew J. Clonts v. Talcott Resolution Life and Annuity Insurance Company, et al.*, Case No. 2:22-cv-07798-SPG-PVC.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  It also includes the following types of documents and information:

    a.     information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party;

    b.     non-public financial or business information;

3

   c. information that is otherwise generally unavailable to the public;

   d. policyholder-specific information, including private medical information.

  Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate CONFIDENTIAL INFORMATION will also be treated as CONFIDENTIAL INFORMATION under this Order.

  Nothing in this Stipulated Protective Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

  2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

  2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL INFORMATION."

  2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

  2.8 <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

  2.9 <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

  2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a

party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL INFORMATION."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL INFORMATION or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively

available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**5.     DESIGNATING PROTECTED MATERIAL**

   5.1   <u>Manner and Timing of Designations</u>.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. A document constitutes or contains CONFIDENTIAL INFORMATION when it has been given that designation by the Designating Party. A Party or Non-Party may designate documents or information as CONFIDENTIAL INFORMATION as follows:

   a.   In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   b.   In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated CONFIDENTIAL INFORMATION, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated CONFIDENTIAL INFORMATION:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   c.   In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain CONFIDENTIAL

INFORMATION must be made by the Designating Party by identifying the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Once designated, the original and each copy of the transcript that contains CONFIDENTIAL INFORMATION must bear (or must be modified by counsel to bear) the following legend on its cover:

**"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

5.2 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time prior to the close of the discovery period established by the Court.

6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 <u>Burden.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL INFORMATION" or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL INFORMATION" only to:

a. The Parties to this action;

b. The Parties' Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

c. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

d. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e. Any witness from whom testimony is taken or will be taken in this Action to whom disclosure is reasonably necessary, except that the witness may be shown copies of CONFIDENTIAL INFORMATION only during his or her testimony, and only to the extent relevant to the testimony, provided the deposing party requests that the witness sign the form attached as Exhibit A hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. The witness may not retain any CONFIDENTIAL INFORMATION;

   f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   g. Court reporters used in connection with this action and their employees;

   h. The jury in the trial of this case;

   i. The Court and its staff;

   j. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   k. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  7.3 <u>Understanding and Agreement</u>.  No disclosure may be made to any person under Paragraphs 7.2(d), (e) or (f) until that person has executed an "Acknowledgment and Agreement to Be Bound" in the form attached as Exhibit A. With respect to Paragraphs 7.2(d) and (f), Exhibit A must be fully executed by the Expert, jury or trial consultant or Professional Vendor and retained by counsel for the party employing the Expert, jury or trial consultant or Professional Vendor. In the event that any Expert, jury or trial consultant or Professional Vendor employed by the parties to this litigation ceases to be engaged in the preparation of this Action, access by such person to discovery material designated as Protected Material shall be terminated. Any such material in the possession of any such person shall be returned or destroyed. The provisions of this Order and the obligations not to disclose any portions of such material shall remain in full force and effect as to all such persons.

  All persons described in Paragraphs 7.2 above are prohibited from disclosing

any portion of Protected Material to any other person, or from using any information obtained from the Protected Material, except as permitted by this stipulation.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL INFORMATION," that Party must:

    a.  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. In the event that Protected Material is produced to a Non-Party, that material shall still be treated as Protected Material by the parties to this Protective Order.

**9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent, unintentional, or *in camera* disclosure of Protected Material shall not be deemed a waiver in whole or in part of any party's claims of confidentiality. Moreover, where a Designating Party has inadvertently produced a document which the Designating Party later claims should not have been produced because of privilege, the Designating Party may at any time require the return of any such document. A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Designating Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Designating Party would have been entitled had the privileged document not inadvertently been produced. If a Designating Party requests the return, pursuant to this Paragraph, of any such document from another party, the party to whom the request is made shall within THIRTY (30) days return to the Designating Party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Designating Party

shall substitute a redacted version of the document at the time of making the request for the return of the requested document.

Nothing herein shall be deemed to waive any applicable privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

**11.  MISCELLANEOUS**

11.1   Nothing in this Stipulated Protective Order prevents the use of information that is publicly available.

11.2   Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Protected Material must be accompanied by an application to file the papers – or the confidential portion thereof – under seal in compliance with Local Rule 79-5.  The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11.3   If any party or nonparty bound by this Stipulated Protective Order intends to disclose, discuss, or otherwise refer to any Protected Material in open court at any hearing or trial, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Protected Material until permitted by the Court.

11.4   Notwithstanding anything to the contrary in this Stipulated Protective Order, any party may use the following documents or information without restriction, regardless of whether they have been designated as Protected Material:

    a.   its own documents or information;

    b.   documents that the party has previously received or sent, including final versions of letters and emails listing the party as a recipient or sender; and

   c. documents or information developed or obtained independently of discovery, including party and non-party discovery, in this action.

  11.5 This Stipulated Protective Order applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

  11.6 Nothing in this Stipulated Protective Order shall prevent a party from seeking modification of this Order.

  11.7 The terms of this Stipulated Protective Order shall survive and remain in effect after termination of this action.

**12. FINAL DISPOSITION**

  Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Protected Material must transmit all Protected Material (including all copies) to counsel for the Designating Party or destroy such material, and in either case must submit a written certification to the Designating Party by the sixty day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was transmitted or destroyed and (b) affirms that the party receiving the Protected Material has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**13. VIOLATION**

  Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: January 26, 2023     _____
                Honorable Pedro V. Castillo
                United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *Clonts v. Talcott Resolution Life and Annuity Insurance Company; Prudential Insurance Company of America,* U.S. District Court Case No. 2:22-cv-07798-SPG-PVC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

1